IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARKEL GARCIA** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 21-2884** |
| : | |
| **DETECTIVE PHILIP NORDO, et al.** : | |

**MEMORANDUM**

**McHUGH, J.**                                                                                                                                                                    **October 24, 2022**

      This is a civil rights action brought under § 1983 arising out of alleged misconduct by police. Defendants include the City of Philadelphia, Detective Philip Nordo, Detective Nathaniel Williams, Police Officer Ryder, and Police Officer Burgess. During Plaintiff's post-conviction proceedings in state court, he entered into a joint stipulation with the Commonwealth of Pennsylvania. He now seeks a Declaratory Judgment binding Defendants here to that stipulation under the doctrine of collateral estoppel.

      Under Pennsylvania law, a party seeking to apply issue preclusion must show, among other requirements, that "the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication." *Sarin v. Magee*, 284 F. Supp. 3d 736, 739 (E.D. Pa. 2018) (McHugh, J.); *Greenway Center, Inc. v. Essex. Ins. Co.*, 475 F.3d 139, 147 (3d Cir. 2007). None of the Defendants here were parties to Plaintiff's criminal post-conviction proceeding, where the party adverse to Mr. Garcia was the Commonwealth of Pennsylvania. And, in that case, it can hardly be said that the Commonwealth was representing these Defendants' interests. To the contrary, as to some of the Defendants here, the Commonwealth stipulated to their misconduct. As a result, a foundational element of collateral estoppel is lacking. *See Ammon v. McCloskey*, 655 A.2d 549, 554 (Pa. Super. 1995) (finding parties not in privity when their interests were not aligned); *Greenaway Center, Inc.,* 475 F.3d at 149

(concluding that there was no privity between an insured and insurer when, despite their relationship, "they had conflicting interests"); *see also Taylor v. Sturgill*, 553 U.S. 880, 894 (2008) ("[A] nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit.") (cleaned up).

Mr. Garcia argues that my decision in *Sarin* supports the application of offensive collateral estoppel in this case. I disagree. There, a motorist sued state troopers under § 1983 after a state court ruled in his criminal prosecution that those same troopers did not have probable cause to stop his vehicle. *Sarin*, 284 F. Supp. 3d. at 738. In my analysis, I rejected the troopers' argument that a footnote in *Smith v. Holtz*, 210 F.3d 186, 199 n.18 (3d Cir. 2000), should be read broadly to prohibit offensive collateral estoppel by any plaintiff in a § 1983 action. *Sarin*, 284 F. Supp. 3d at 740-41. Instead, I concluded that the guidance given by the Third Circuit in *Smith* was that district courts must undertake a precise, fact-specific analysis in determining if the elements of collateral estoppel are met in any given case. *Id.* at 741-42. On that basis, I drew several factual distinctions, but even there I did not find issue preclusion, and the distinctions I drew have no relevance in this case.

Given the record before me, I cannot find that the Commonwealth's interests in the related criminal case were aligned with the interests of the current Defendants – none of whom had the opportunity to provide input on the joint stipulation. Absent privity of interest, offensive collateral estoppel is not properly invoked.[1]

/s/ Gerald Austin McHugh<br>United States District Judge

---

[1] Plaintiff has also advanced *Heck v. Humphrey*, 512 U.S. 477 (1994) to support his position. *Heck* held that a criminal conviction that had not been invalidated could not form the basis for a cognizable § 1983 claim. It has no relevance here because the party against whom the judgement was enforced in *Heck* fully participated in both actions: as the plaintiff in the civil rights action and the defendant in the underlying criminal case.